IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**FRANK MERCHANT AND**
**DOROTHY D. MERCHANT**                                                                      **PLAINTIFFS**

**V.**                          **CIVIL ACTION NO. 3:16-cv-665-HTW-LRA**

**BILLY C. MERCHANT**                                                                 **DEFENDANT**

_____

**MEMORANDUM IN SUPPORT OF**
**RESPONSE IN OPPOSITION TO MOTION TO REMAND**

_____

COMES NOW, Defendant, Billy C. Merchant, and respectfully submits his Memorandum in Support of Response in Opposition to Motion to Remand.

## I. FACTS

Plaintiffs, Frank Merchant and Dorothy D. Merchant (husband and wife), filed this lawsuit against Defendant, Billy C. Merchant, in the Chancery Court of Leake County, Mississippi. Frank Merchant is the twin brother of Billy C. Merchant ("Billy Merchant"). Dorothy D. Merchant ("Dot Merchant") is the Chancery Clerk of Leake County Mississippi. Frank Merchant and Dot Merchant allege that in 2004 and 2006, they deeded Billy Merchant certain real property to hold in trust for them while Frank Merchant, who would have been in his mid-fifties at that time, served in Afghanistan. In truth, Frank Merchant and Dot Merchant deeded the property to Billy Merchant either, as Billy Merchant initially understood, as collateral for monies he loaned to Frank Merchant and Dot Merchant which they subsequently refused to repay or, as Billy Merchant later learned, possibly to keep the property from being taken by creditors.

## II.     PROCEDURAL HISTORY

Billy Merchant removed the case to this Court [Dkt.#1] because while Frank Merchant and Dot Merchant are residents of Mississippi, Billy Merchant is a resident/citizen of Alabama. The value of the property at issue exceeds $75,000.00.  Therefore, diversity jurisdiction exists based on 28 U.S.C. § 1332.

Frank Merchant and Dot Merchant have moved to remand [Dkt.#4,#5] this case to the Chancery Court of Leake County, Mississippi *where Dot Merchant is the Chancery Clerk*. Plaintiffs allege that George Harkins, who now owns the property at issue, is a Mississippi resident and must be joined as an indispensable party.  [Dkt. #4].  However, even if George Harkins is an indispensable party and Plaintiffs do actually file an appropriate motion to add him to this lawsuit, he is domiciled in Maryland, *not* Mississippi.

## III.    ARGUMENT AND AUTHORITIES

For this Court to have jurisdiction the lawsuit must be between citizens of different states and the amount in controversy must exceed $75, 000.00.  28 U.S.C. § 1332.  The Fourteenth Amendment provides that all persons born or naturalized in the United States are citizens of the state in which they reside.  United States Const.  Amend. XIV, § 1.  "Reside" has been interpreted to mean to be domiciled.  *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996).  The state of a person's domicile for purposes of diversity jurisdiction is a question of federal law.  *See Acridge v. The Evangelical Lutheran Good Samaritan Society*, 334 F.3d 444, 448 (5th Cir. 1991).  To establish a new domicile, a person must demonstrate both residence in a new state and an intention to remain in that state. *Id.*  Factors to be considered in determining domicile include where a person:  exercises civil and political rights, pays taxes, owns real and personal property,

has a driver's license, maintains bank accounts, belongs to clubs and churches, has businesses or places of employment and maintains a home for his or her family. *Id.*

In this case, George Harkins, who Plaintiffs claim is an indispensable party despite their failure to move to add him to this lawsuit, has a driver's license issued by the state of Maryland, is registered to vote in Maryland, maintains his family home in Maryland and has no intent to change his domicile to Mississippi. *See* Affidavit of George Harkins attached as Exhibit "A" to Response in Opposition to Motion to Remand. Mr. Harkins owns property in Florida as well as Maryland and Mississippi. He recently purchased two vehicles and registered one in Mississippi and one in Florida. George Harkins did so because he was advised that since he was leaving the vehicles in those states, the vehicles needed to be registered in those states. He also has a vehicle registered in Maryland where he lives and has lived since 1968. *Id.*

In a desperate attempt to get this lawsuit against family back to the court of which Dot Merchant is Chancery Clerk, Plaintiffs are grasping at straws. Although George Harkins owns property in Mississippi, he does not maintain a Mississippi residence and has not established domicile in Mississippi. When George Harkins travels to Mississippi, he has someone pick up his mail in Maryland and send it to him at his brother's house which is located at 515 Harkins Road, Carthage, Mississippi. This is the address that Plaintiffs claim in their Motion to Remand is George Harkins' address. This address belongs to Gary "Butch" Harkins, brother of George Harkins, and George Harkins does not there or own that property though he does own other property in Mississippi. *See* Affidavits of George T. Harkins and Gary Harkins attached as Exhibits "A" and "B" to Response in Opposition to Motion to Remand. When George Harkins travels to Florida, he also has someone pick up his mail in Maryland and send it to him in Florida. There is simply no evidence to indicate that George Harkins intends to change and/or

establish a domicile in Mississippi. "A person's domicile persists until a new one is acquired or it is clearly abandoned." *Coury v. Prot*, 85 F.3d 244, 250 (5th Cir. 1996). "There is a presumption in favor of the continuing domicile which requires the party seeking to show a change in domicile to come forward with enough evidence to that effect to withstand a directed verdict." *Id.* Owning property in several states, even visiting those states frequently, does not mean a person has multiple domiciles. It is well settled that "'[a] person has only one domicile at a particular time.'" *Acridge*, 334 F.3d at 451. When all the relevant factors are considered, George Harkins is not a citizen of the state of Mississippi.

Plaintiffs also assert that they "do not believe" the value of the property at issue exceeds $75,000.00 and that the Court lacks jurisdiction for that reason. [Dkt.#4 at 2]  "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977). "[W]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy." *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961). *See Nationstar Mortg. LLC v. Knox*, 351 F. App'x. 844, 848 (5th Cir. 2009).

As Plaintiffs assert in their Motion to Remand, George Harkins now owns the property Plaintiffs seek in this litigation. In July of 2016, George Harkins paid $96,000.00 for the property as evidenced by the Settlement Statement and checks attached as Exhibit "4" to the Affidavit of George Harkins attached as Exhibit "A" to the Response in Opposition to Motion to Remand. Plaintiffs attached to their Memorandum in Support, not to their Motion as required by Uniform Local Rule 7, documents from the tax assessor's office showing a much lower value for the same property. [Dkt. #5]. Fair market value, though, not the value assigned by the tax

assessor, governs.  *See, e.g.*, *Williams v. JP Morgan Chase Bank, N.A.*, No. 12-CV-12476, 2012 WL 6150742, at *3 (E.D. Mich. Dec. 11, 2012)(copy attached hereto as Exhibit "1"); *Nunez v. Ocwen Loan Servicing, LLC*, No. C-08-258, 2008 WL 4590417 (S.D. Tex. Oct. 6, 2008)(copy attached hereto as Exhibit "2").  Fair market value is defined as what a willing buyer pays a willing seller.  *See, e.g.*, IRS Publication 561 ("Fair market value (FMV) is the price that property would sell for on the open market. It is the price that would be agreed on between a willing buyer and a willing seller, with neither being required to act, and both having reasonable knowledge of the relevant facts.").

A willing buyer purchased the property at issue for $96,000.00.  *See* Exhibit "4" to the Affidavit of George Harkins attached as Exhibit "A" to Response in Opposition to Motion to Remand.  Defendant has, therefore, established by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.  *See, e.g., Allen v. R&H Oil & Gas Company*, 63 F.3d 1326, (5th Cir. 1995)(party asserting jurisdiction must show by a preponderance of the evidence that it is more likely than not that the value of the property at issue exceeds the jurisdictional amount).  Plaintiffs' argument is just another feeble attempt to get this case back on their home turf.  In removal cases, "[t]he plaintiff can defeat diversity jurisdiction only by showing to a 'legal certainty' that the amount in controversy does not exceed $75,000."  *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 869 (5th Cir. 2002).   Plaintiffs have not met this burden.

## IV.   CONCLUSION

Based on the foregoing, together with Defendant's Response in Opposition to Motion to Remand filed contemporaneously herewith and the exhibits thereto, Defendant urges the Court to

5

deny Plaintiffs' Motion to Remand [Dkt.#4] and award Defendant his costs incurred in responding to the motion.

Respectfully submitted, this the 7th day of October, 2016.

COUNSEL FOR BILLY C. MERCHANT

s/ WILLIAM I. GAULT, JR.

**OF COUNSEL:**

William I. Gault, Jr., Esq. (MSB #4774)
Wendy Shelton (MSB #8680)
Nippes, Healy & Gault, PLLC
6360 I-55 North, Suite 350
Jackson, Mississippi 39211
Post Office Box 12314
Jackson, Mississippi 39236
Telephone: (601) 983-2255
Facsimile: (601) 510-8050
bgault@billgaultlaw.com
sheltonw@netdoor.com

## **CERTIFICATE OF SERVICE**

I, William I. Gault, Jr., hereby certify that I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

J. Edward Rainer
erainer@rainerlaw.net

This the 7th day of October, 2016.

s/WILLIAM I. GAULT, JR.