## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

FRANK MERCHANT and
DOROTHY MERCHANT                                        PLAINTIFFS

VS                               CIVIL ACTION NO.: 3:16-cv-665-HTW-LGI

BILLY C. MERCHANT and
GEORGE HARKINS                                          DEFENDANTS

## ORDER

BEFORE THIS COURT is a *Motion for Attorney Fees* [Docket no. 139], filed by

Defendant Billy Merchant (hereinafter, "Billy")[1]. The Motion is opposed by the Plaintiffs, Frank

Merchant (hereinafter, "Frank") and Dorothy Merchant (hereinafter, "Dot") (collectively referred

to as "Plaintiffs").

## __BACKGROUND__

On July 15, 2016, Dot and Frank, husband and wife, filed their original complaint against

Billy, Frank's twin brother, in the Chancery Court of Leake County, Mississippi ("State Court"),

seeking to obtain re-conveyance of certain real property (the "Subject Property") from Billy to

them. [Docket no. 1-1].  Plaintiffs filed their suit in State Court under the theory that Billy held

legal title to the Subject Property. On August 26, 2016, Billy removed this lawsuit to this federal

forum based on diversity jurisdiction pursuant to Title 28 U.S.C. §1332[2] [Docket no. 1].

---

[1] This court previously has stated that Plaintiffs and Defendant Billy share a common surname; therefore, this court, for the sake of clarity, has elected to refer to Frank, Dot, and Billy Merchant by their first names.

[2] (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
    (1) citizens of different States;
    (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of

On September 26, 2016, Plaintiffs filed a Motion to Remand [Docket no. 4], seeking to have their complaint remanded to State Court. In support of their Motion to Remand, Plaintiffs argued that the value of the Subject Property was less than $75,000. [Docket No. 4]. This court denied Plaintiffs' Motion to Remand on October 28, 2016. [Docket No. 9].

On February 7, 2017, Plaintiffs filed an Amended Complaint adding the parties' cousin, George Harkins (hereinafter, "Harkins") as a Defendant. Plaintiff's Amended Complaint alleged that Billy had wrongfully conveyed the Subject Property to Harkins. [Docket no. 23].

Plaintiffs retracted their assertion that Billy held title to the Subject Property, claiming instead that Billy had executed a deed and delivered the Subject Property back to Plaintiffs many years ago, in April of 2006.  Dot testified that, as the Chancery Clerk of Leake County, Mississippi, she appreciated the importance of recording deeds in the county's land records; however, she smply failed to record the 2006 Deed for more than a decade after the alleged delivery thereof. Plaintiffs, operating under this new theory, attacked the conveyance from Billy to Harkins as invalid and sought to have this court declare "that Billy and Harkins have no title in the property" and that "Frank and Dot are the true, legal, and equitable owners of the [Subject] Property…" [Docket no. 23, p. 5].

Plaintiffs, in their Amended Complaint, also retreated from their assertion that the Subject Property was worth less than $75,000, exclusive of costs and interests, the requisite jurisdictional amount for this court to exercise diversity jurisdiction. After this court denied Plaintiffs' request to remand this matter to the Chancery Court of Leake County, Mississippi, Plaintiffs acquiesced

---

a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;

 (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C.A. § 1332 (West)

that the value of the Subject Property exceeded $100,000. [Docket no. 23]. Plaintiffs asserted claims of civil conspiracy, slander of title, conversion, breach of fiduciary duty and constructive trust against Billy and Harkins in their Amended Complaint.

Plaintiffs and Billy filed Motions for Summary Judgment [Docket nos. 104 and 107]. The Court heard arguments on the motions and determined that genuine issues of material fact existed in this matter, which precluded summary judgment for any party. [Docket no. 130].

This court, thereafter, held a bench trial on this matter which commenced on May 30, 2018, and lasted until June 6, 2018. As the finder of fact and law, the court was charged with identifying the Subject Property's rightful owner, and with determining what damages, if any, should be imposed against the losing party.

On December 7, 2021, this court issued its Bench Opinion and Order dismissing all claims in Plaintiffs' Amended Complaint against Billy and Harkins with prejudice. [Docket no. 132]. This court found that Plaintiffs initially deeded the property to Billy to avoid creditors, including the United States. The court held, *inter alia*, that the "unclean hands doctrine", therefore, bars Plaintiffs' recovery in this lawsuit. Further, said this court, Mississippi case law dictates that even if this court were to conclude that Billy knew or should have known that Plaintiffs were deeding him property to hide from creditors, Plaintiffs may not use this court to recover the Subject Property.

This court, accordingly, held that Billy's conveyance to Harkins was valid and binding, and that Harkins was the rightful owner of the Subject Property. This court held further that Defendants Billy and Harkins are entitled to costs and attorneys' fees as allowed by Federal Rule of Civil Procedure 54[3]. [Docket no. 132].

---

[3] Fed. R. Civ. P. 54(d)(2) states:

Billy, as the prevailing party in this lawsuit, now seeks an award of reasonable attorney's fees under the Mississippi Litigation Accountability Act, Miss. Code Ann. §§11-55-1, *et seq*. (Rev. 2012), and "the inherent power of this Court to impose sanctions and attorney's fees for bad faith, vexatious, wanton or oppressive conduct." [Docket no. 139]. This court is persuaded to grant Billy his reasonable attorney's fees and costs for the reasons stated *infra*.

## DISCUSSION

This court earlier confirmed that it possesses diversity of citizenship subject-matter jurisdiction over this dispute [Docket no. 132]. Inasmuch as this court is exercising diversity of citizenship subject-matter jurisdiction, this court, sitting in Mississippi, will apply Mississippi law to the substantive issues in accordance with the *Erie* Doctrine. *Erie v. Tompkins*, 304 U.S. 64, 78-79, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Under the *Erie* Doctrine, federal courts sitting in diversity must apply state substantive law and federal procedural law. *Foradori v. Harris*, 523 F.3d 477, 486 (5th Cir. 2008) (*citing Gasperini v. Ctr. for Humanities, Inc*., 518 U.S. 415, 426-427 (1996)).

### A.  Billy is entitled to reasonable attorney's fees as the Prevailing Party

The Mississippi Litigation Accountability Act (MLAA) provides, in pertinent part:

… in any civil action commenced or appealed in any court of record in this state, the court shall award, as part of its judgment and in addition to any other costs otherwise assessed, reasonable attorney's fees and costs against any party or attorney if the court, upon the motion of any party or on its own motion, finds that an attorney or party brought an action,

---

**(2)** *Attorney's Fees.*

    **(A)** *Claim to Be by Motion.* A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.

    **(B)** *Timing and Contents of the Motion.* Unless a statute or a court order provides otherwise, the motion must:

        **(i)** be filed no later than 14 days after the entry of judgment;

        **(ii)** specify the judgment and the statute, rule, or other grounds entitling the movant to the award;

        **(iii)** state the amount sought or provide a fair estimate of it; and

        **(iv)** disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made

4

or asserted any claim or defense, that is without substantial justification, or that the action, or any claim or defense asserted, was interposed for delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceedings by other improper conduct including, but not limited to, abuse of discovery procedures available under the Mississippi Rules of Civil Procedure.

Miss. Code Ann. § 11-55-5 (Rev. 2012).

The MLAA provides a list of eleven factors for the courts to consider when determining whether to award attorney's fees:

In determining the amount of an award of costs or attorney's fees, the court shall exercise its sound discretion. When granting an award of costs and attorney's fees, the court shall specifically set forth the reasons for such award and shall consider the following factors, among others, in determining whether to assess attorney's fees and costs and the amount to be assessed:

(a) The extent to which any effort was made to determine the validity of any action, claim or defense before it was asserted, and the time remaining within which the claim or defense could be filed;

(b) The extent of any effort made after the commencement of an action to reduce the number of claims being asserted or to dismiss claims that have been found not to be valid;

(c) The availability of facts to assist in determining the validity of an action, claim or defense;

(d) Whether or not the action was prosecuted or defended, in whole or in part, in bad faith or for improper purpose;

(e) Whether or not issues of fact, determinative of the validity of a party's claim or defense, were reasonably in conflict;

(f) The extent to which the party prevailed with respect to the amount of and number of claims or defenses in controversy;

(g) The extent to which any action, claim or defense was asserted by an attorney or party in a good faith attempt to establish a new theory of law in the state, which purpose was made known to the court at the time of filing;

(h) The amount or conditions of any offer of judgment or settlement in relation to the amount or conditions of the ultimate relief granted by the court;

(i) The extent to which a reasonable effort was made to determine prior to the time of filing of an action or claim that all parties sued or joined were proper parties owing a legally defined duty to any party or parties asserting the claim or action;

(j) The extent of any effort made after the commencement of an action to reduce the number of parties in the action; and

(k) The period of time available to the attorney for the party asserting any defense before such defense was interposed.

Miss. Code Ann. § 11-55-7 (Rev. 2012).

Application of each of the above eleven factors to the instant case reveals the following:

(a) Plaintiffs failed to investigate the validity of their claims before filing their original and amended complaints. In its Bench Opinion [Docket no. 132], this court noted that Dot has served as Chancery Clerk of Leake County, Mississippi since 1999, and is well acquainted with the importance of deeds and the necessity of their recordation in the land records of the Mississippi Chancery Court. Dot, therefore, possessed the experience to assess the validity of Plaintiffs' claims. Plaintiffs, instead, filed a lawsuit against Billy wherein Plaintiffs fostered multiple inconsistent and, in some instances, false explanations for preparation and non-recording of deeds to and from Billy. [Docket no. 132, pp.7-8, 28].

(b) Plaintiffs made no attempt to reduce or dismiss the number of claims asserted against Billy.  Plaintiffs, instead, added claims against Billy in their Amended Complaint. [Docket no. 23];

(c) The facts necessary to assist in determining the validity of their claims were readily available to Plaintiffs, especially Dot, as the Chancery Clerk of Leake County, Mississippi. Plaintiffs, however, failed to assess properly the facts behind their allegations against Defendants.

(d) This court's Bench Opinion, which was later affirmed by the United States Court of Appeals for the Fifth Circuit, stated that many of Plaintiffs' actions were taken bad faith and for

improper purpose. Plaintiffs proffered inconsistent, contradictory explanations regarding the following:

Plaintiffs argued in their Motion to Remand that this Court lacked jurisdiction because the "'Subject Property' is worth less than $75,000."; Plaintiffs later alleged in their Amended Complaint that the "Property has a value of over $100,000" and their expert testified at trial that "the value of the Subject Property is $120,000." Plaintiffs offered no explanation as to the discrepancy of the value of the Subject Property in their Motion to Remand and their Amended Complaint. Billy alleges that this false allegation forced Billy to incur costs and legal expenses of defending Plaintiffs' frivolous Motion to Remand.

Importantly, this court pointed to Plaintiff's inconsistent testimonies from the onset of their lawsuit, as illustrated by their offered reasons regarding why they conveyed the Subject Property to Billy. Plaintiffs alleged the Subject Property was conveyed to Billy for safekeeping because Frank was "activated and sent to war for the United States in Afghanistan." This statement proved to be false. Then, Plaintiffs stated, under oath, that Billy convinced them to deed the property to him rather than their fifteen year old son. Then, Plaintiffs testified, in their sworn written discovery responses and under oath at trial, that they deeded the property to Billy to avoid creditors. Plaintiffs, however, also testified to having no creditors or debt in 2006, when they deeded the property to Billy. After examining the parties' testimonies and the record before it, this court found that Plaintiffs' contention that they had no creditors was false because they were sued by the United States for unpaid debt on behalf of the Farm Service Agency in November 2007.

Plaintiffs testified that the reason they were divesting themselves of the Subject Property was "to hide it from their creditors", as stated in their deposition and trial testimonies. Plaintiffs proceeded with the litigation despite this knowledge, and, in accordance with the Mississippi Court

of Appeals holding in *Byrd v. Abney*, 99 So. 3d 1180 (Miss. App. 2012), "[w]here a party's intentional misconduct causes the opposing party to expend time and money needlessly, then attorney's fees and expenses shall be awarded to the wronged party." *Id*. at 1185.

This court further discussed, at length, the discrepancies surrounding the alleged "Found Deed" of April 2006.  Plaintiffs stated that Billy deeded the Subject Property back to them in April 2006, yet they failed to record the deed for almost eleven years prior to filing their lawsuit against Billy.  This court held that Dot, as Chancery Clerk of Leake County, Mississippi and being familiar with deeds and the importance of their recordation, knew or should have known that there was no delivery or acceptance of the "Found Deed" and that it was not valid or binding.

(e) As stated *supra*, Billy's motion for summary judgment was denied; however, this court ultimately found that Dot and Frank were barred from recovery due to unclean hands because they conveyed the Subject Property to Billy to "hide it from their creditors."  Plaintiffs knew that they conveyed the Subject Property to Billy to conceal it from their creditors and knew or should have known that such conduct was wrongful and would bar any recovery against Billy. Additionally, the fact that the "Found Deed" was neither delivered nor accepted or recorded for over ten years was not reasonably in conflict. Finally, no valid conflict existed over whether this court had jurisdiction, contrary to Plaintiffs' baseless motion to remand

(f) As stated in this court's Bench Opinion, Billy prevailed on every claim presented in Plaintiffs' Amended Complaint.

(g) This court finds no good faith attempt by Plaintiffs to establish a new theory of law in the state, and this court was never advised of such;

(h) Plaintiffs and Defendants attended a settlement conference before Magistrate Judge Linda Anderson; however, Billy contends that Plaintiffs expressed little or no desire to resolve the

costs. This court has before it no evidence that a subsequent offer of judgment or substantive attempts by Plaintiffs to settle this case occurred;

(i) This court finds that, prior to commencing their lawsuit against Billy, Plaintiffs made no effort to determine the validity of their claims against Billy. Billy conveyed the Subject Property to Harkins on July 15, 2016, and, on the same day at 3:31 pm, Plaintiffs filed their original complaint against Billy in the State Court. Harkins was not added as a party until February 7, 2017;

(j) Plaintiffs made no efforts following commencement of the litigation to reduce the number of parties; rather, they added Harkins as a party. This court found that Harkins was a bona fide good faith purchaser for value; and

(k) This court has before it no evidence showing that the period of time available to the attorneys to assert any defenses was inadequate.

Based on the foregoing analysis of the eleven MLAA factors, this court finds that an award of attorney's fees to Billy is appropriate.

## B.  Inherent Powers of The Court

Courts have the inherent power to police the litigants who appear before them. *Chambers v. Nasco, Inc.*, 501 U.S. 32, 33 (1991). "[A] court may assess attorney's fees when the losing party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" A court's inherent power is "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs" and may be used "to fashion an appropriate sanction for conduct which abuses the judicial process." *Id*. at 44-45. See also *Wachovia Bank v. Tien* (11th Cir December 22, 2010)(unpublished opinion)("[A]n assessment of attorney's fees is undoubtedly within a court's inherent power.")(quoting *Chambers v. Nasco*, 501 U.S. at 45)). Thus, this court finds that, in

addition to an award of attorney's fees under the MLAA, an award of attorney's fees is appropriate under this court's inherent powers to award sanctions and attorney's fees.

Plaintiffs argue that Billy's failure to "plead entitlement to fees under the MLAA" precludes an award of attorney's fees. [Docket no. 142, p. 34]. Plaintiffs, however, cite no legal authority for their position. This court notes that the MLAA does not require affirmative pleading or notice.

Plaintiffs seize upon the denial of Billy's Motion for Summary Judgment as evidence that Billy is not entitled to an award of attorney's fees under the MLAA. Plaintiffs, however, again fail to provide any legal authority in support their argument that the Court's denial of Billy's Motion for Summary Judgment precludes an award of attorney's fees under the MLAA. This court denied Plaintiffs and Billy's Motions for Summary Judgment because it was necessary for the Court to make credibility determinations. Following the trial of this matter, the pending credibility determinations were resolved in Billy's favor.

Plaintiffs state further that because Harkins, the second defendant herein, did not file a motion for attorney's fees, Billy's Motion for Attorney's Fees is unsubstantiated or invalid. [Docket no. 142, n.2]. Harkin's election not to file a motion for attorney's fees does not, however, impact this court's analysis of Billy's Motion for Attorney's Fees.

## **CONCLUSION**

This Court, upon reviewing the proceedings of this matter and the relevant jurisprudence, is persuaded to **GRANT Defendant's Motion for Attorney's Fees [Docket No. 139]**. Billy has provided sufficient evidence of his right to attorney's fees by prevailing against Plaintiffs on all claims, as well as the fees incurred by Billy during this litigation proceedings initiated by the Plaintiffs. Accordingly, this court finds that Billy is entitled to his reasonable attorney's fees and

costs in this matter, and this court hereby directs Billy to submit an itemization of fees he contends are appropriate, along with the required proof necessary for this court to determine the proper award amount, within fourteen (14) days of this Order[4].

**SO ORDERED AND ADJUDGED**, this, the 25th day of September, 2022.

/s/HENRY T. WINGATE
**UNITED STATES DISTRICT COURT JUDGE**

---

[4] Billy's Motion for Attorney's Fees states that in the event he is awarded attorney's fees, "he will submit itemized billings statements to the Court for *in camera* review as well as any other evidenced required by the Court to support the value of legal services rendered and his entitlement to approximately $128,204.44 in legal fees. This court, however, directs  Billy to submit his statements on the record and in the appropriate format pursuant to the Federal and Local Rules of Civil Procedure governing this lawsuit.