**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

FRANK MERCHANT and
DOROTHY MERCHANT                                                    **PLAINTIFFS**

VS                                          **CIVIL ACTION NO.: 3:16-cv-665-HTW-LGI**

BILLY C. MERCHANT and
GEORGE HARKINS                                                     **DEFENDANTS**

---

**ORDER**

---

BEFORE THIS COURT is Plaintiffs Frank and Dorothy Merchant's (together, "Plaintiffs") *Motion for Reconsideration and to Vacate Order Granting Attorney Fees* [Doc. 168], Having reviewed the submissions of the parties, the applicable law, and the record in this case, this Court finds as follows[1].

## I.    BACKGROUND

Plaintiffs initiated this action against Defendants Billy Merchant ("Billy")[2] and George Harkins("Harkins"), asserting claims related to land ownership and proceeds from the sale of property from Billy to Harkins. Plaintiffs' Amended Complaint alleged the following claims against Billy and Harkins: (1) civil conspiracy; (2) slander of title; (3) conversion; (4) breach of fiduciary duties; and (5) constructive trust. Plaintiffs and each Defendant, thereafter, filed a motion

---

[1] This Court previously determined that it has diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332, complete diversity of citizenship exists between the parties, and the amount in controversy exceeds $75,000. Inasmuch as this court is exercising diversity of citizenship subject-matter jurisdiction, this court, sitting in Mississippi, will apply Mississippi law to the substantive issues in accordance with the *Erie* Doctrine. *Erie v. Tompkins*, 304 U.S. 64, 78-79, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

[2] Plaintiffs and Defendant Billy Merchant share the same last name; therefore, for the sake of clarity, this Court shall refer to Defendant as "Billy".

for summary judgment [Docs. 102, 104, and 107]. This court, after hearing oral arguments on all three motions, determined that genuine issues of material fact existed in this matter, thus precluding summary judgment for any party.

Following extensive litigation, on December 7, 2021, this court issued its Bench Opinion and Order dismissing all claims in Plaintiffs' Amended Complaint against Billy and Harkins with prejudice. [Doc. 132]. This Court found that Plaintiffs initially deeded the property to Billy to avoid creditors, including the United States. The court held, *inter alia*, that the "unclean hands doctrine", therefore, bars Plaintiffs' recovery in this lawsuit. Further, said this court, Mississippi case law dictates that even if this court were to conclude that Billy knew or should have known that Plaintiffs were deeding him property to hide from creditors, Plaintiffs may not use this court to recover the Subject Property.

This court, accordingly, held that Billy's conveyance to Harkins was valid and binding, and that Harkins was the rightful owner of the Subject Property. This court held further that Defendants Billy and Harkins are entitled to costs and attorneys' fees as allowed by Federal Rule of Civil Procedure 54[3]. [Doc 132].

---

[3] Fed. R. Civ. P. 54(d)(2) states:

    **(2)** ***Attorney's Fees.***
        **(A)** *Claim to Be by Motion.* A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.
        **(B)** *Timing and Contents of the Motion.* Unless a statute or a court order provides otherwise, the motion must:
            **(i)** be filed no later than 14 days after the entry of judgment;
            **(ii)** specify the judgment and the statute, rule, or other grounds entitling the movant to the award;
            **(iii)** state the amount sought or provide a fair estimate of it; and
            **(iv)** disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made

Billy, as the prevailing party in this lawsuit, sought an award of reasonable attorney's fees under the Mississippi Litigation Accountability Act, Miss. Code Ann. §§11-55-1, *et seq.* (Rev. 2012), ("MLAA")[4] and "the inherent power of this Court to impose sanctions and attorney's fees for bad faith, vexatious, wanton or oppressive conduct." [Doc.139]. During the interim, Plaintiffs appealed the underlying judgment, which the Fifth Circuit affirmed in favor of Billy. [Doc. 157] (Certified Copy of Fifth Circuit Judgment). Post-appeal, this Court entered its Order granting Billy's Motion for Attorney Fees, in which the Court found Plaintiffs liable for Billy's attorney fees. [Doc. 158]

Billy submitted itemized evidence in Support of Award of Attorney's Fees [Doc. 162] and Memorandum of Authorities in Support of Attorney's Fees [Doc. 163] Billy sought a total award of $165,635 (including the $25,000 fees incurred at the appellate level). Plaintiffs objected [ECF. 167].

Subsequently, Plaintiffs filed their Motion for Reconsideration and to Vacate the Order Granting Attorney Fees [Doc. 168], arguing that their claims surviving summary judgment preclude a finding of "frivolity" under the MLAA[5]. Defendant Billy opposes the Plaintiffs filed

---

[4] The Mississippi Litigation Accountability Act (MLAA) provides, in pertinent part:

… in any civil action commenced or appealed in any court of record in this state, the court shall award, as part of its judgment and in addition to any other costs otherwise assessed, reasonable attorney's fees and costs against any party or attorney if the court, upon the motion of any party or on its own motion, finds that an attorney or party brought an action, or asserted any claim or defense, that is without substantial justification, or that the action, or any claim or defense asserted, was interposed for delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceedings by other improper conduct including, but not limited to, abuse of discovery procedures available under the Mississippi Rules of Civil Procedure.

Miss. Code Ann. § 11-55-5 (Rev. 2012).

[5] Plaintiffs request, alternatively, that this Court award Billy only a $100 nominal fee; or, limit the fee to the amount in connection with the Plaintiff's Motion to Remand ($5,562.50). Plaintiffs also ask this Court to reduce the awarded amount by $77,908.01, the "windfall amount" Billy obtained in the sale of the disputed property. Because this Court finds that Plaintiffs' "frivolity" argument has no merit, it need not address any of these alternative proposed remedies.

objections and motion for reconsideration *in toto*, arguing that the award of attorney fees was proper and that Plaintiffs' claims lack merit.

## II.    LEGAL STANDARD

A motion for reconsideration under Federal Rule of Civil Procedure 59(e) serves the narrow purpose of correcting manifest errors of law or fact or presenting newly discovered evidence. See *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004). A Rule 59(e) motion is not an opportunity for a party to re-litigate issues that have already been decided. See *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). Reconsideration, instead, is warranted only when there is an intervening change has occurred  in controlling law, newly discovered evidence, or the need to correct a clear error or prevent manifest injustice. *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

## III.    DISCUSSION

### A.    Plaintiffs' Frivolity Argument

Plaintiffs argue that, because their claims had survived  the summary judgment phase, their legal/factual position cannot be deemed frivolous under the MLAA. In support, they cite *Garner v. Smith*, 277 So. 3d 536, 541 (Miss. 2019), which states that a claim is frivolous when "objectively speaking, the pleader or movant has no hope of success" *Id*. (citation omitted). A claim surviving summary judgment, say Plaintiffs,  suggests it has some merit. *Knights' Piping, Inc. v. Knight*, 123 So. 3d 451 (Miss. Ct. App. 2012).

The Mississippi Supreme Court, however, has not established a bright-line rule that a claim surviving summary judgment can never be deemed frivolous. See *Hampton v. Blackmon*, 145 So. 3d 632, 635 (Miss. 2014) (holding that claims must be objectively frivolous, regardless of

procedural posture). Furthermore, Plaintiffs fail to account for the "totality of circumstances" under which a claim may be deemed frivolous. Simply surviving summary judgment does not automatically validate a claim's merit. Courts consider routinely whether claims were brought in bad faith, lacked evidentiary support, or imposed unnecessary litigation costs on the opposing party. See *Browning v. Kramer*, 931 F.2d 340 (5th Cir. 1991).

Courts in the United States Court of the Fifth Circuit, under the guidance of Mississippi law, apply an objective standard for frivolity. See *Browning*, 931 F.2d 340  (holding that a claim is frivolous if it lacks an arguable basis in law or fact). Additionally, in *Smith v. Malouf*, 722 So. 2d 490 (Miss. 1998), the Mississippi Supreme Court held that a claim may be deemed frivolous if it is filed without substantial justification, meaning that a reasonable person would not believe it had a chance of success. Similarly, in *Mabus v. Mueller Indus., Inc*., 2005 WL 1362988 (S.D. Miss. 2005), the court reaffirmed that even when a claim survives initial motions, it may still be frivolous if it is later revealed to lack legal or factual support.

Here, Plaintiffs' claims, while not entirely baseless, were ultimately found to lack substantive merit. This Court determined that Billy was entitled to attorney fees as the prevailing party due to the significant resources expended in defending against claims that lacked a viable legal foundation. This Court, further, found that Billy was entitled to attorney fees under the MLAA because Plaintiffs' litigation strategy with "unclean hands" resulted in unnecessary legal expenses for Billy.

### C.    Equitable Factors and Impact

Beyond the statutory analysis, this Court also considers equitable principles when reviewing fee awards. Under Mississippi law, equitable considerations include whether a party's conduct resulted in unnecessary litigation, increased costs for the opposing party, or improper

delays. In this case, the extensive briefing and continued litigation following adverse rulings reflect a pattern of prolonging the case without a justifiable basis.

The MLAA authorizes fee awards where claims are "without substantial justification." Miss. Code. Ann. § 11-55-5. Fee awards for unsubstantiated claims, *inter alia*, serve a deterrent purpose, discouraging litigants from pursuing meritless claims that unduly burden courts and opposing parties. Sanctions, including attorney fees, play a critical role in preserving judicial efficiency and preventing abuse of the legal system. See *Chambers v. NASCO, Inc.,* 501 U.S. 32 (1991).

In the matter *sub judice*, awarding fees ensures that the prevailing parties are not unfairly penalized by defending against claims that lack substantive justification. Additionally, it signals to future litigants that the courts will not tolerate baseless claims that impose undue burdens on defendants and judicial resources.

## IV.    CALCULATION

As stated above, Billy submitted an itemized billings statement for his attonerys' incurred expenses. The starting point for determining the amount of Billy's attorney's fees award is to assess the number of hours reasonably expended on the litigation and multiply those hours by a reasonable hourly rate. This method of calculating reasonable attorney's fees is generally known as the "lodestar method". See *Bay Point Props., Inc. v. Miss. Transp. Comm'n,* 304 So.3d 606,609 (Miss. 2020); *In re Estate of Gillies*, 830 So.2d 640, 645 (Miss. 2002).

In determining the lodestar fee, this Court is guided by both state and federal precedent. Under Mississippi law, the reasonableness of attorney's fees is governed by Rule 1.5(a) of the Mississippi Rules of Professional Conduct which states:

A lawyer's fee shall be reasonable. The factors to be considered in determining the reasonableness of a fee included the following: (1) the time and labor required, the novelty and difficulty of the questions involved and the skill requisite to perform the legal services properly; (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent. Miss. R. of Pro. Condud5 1.5(a).

*See also*, *Bay Point Props., Inc.*, 304 So.3d at 609-10; *In re Estate of Gillies*, 830 So.2d at 645-46.

In addition to the above factors under Mississippi law, the Fifth Circuit has adopted almost identical factors to be applied in determining the reasonableness of an attorney's fee award ("the *Johnson* factors") See *Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714 (5th Cir.1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 109 S.Ct. 939 (1989).

The *Johnson* factors are: 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal service properly; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or the circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and ability of the attorneys; 10) the undesirability of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases. *Id*. at 717-719.

Applying either of the two above-mentioned tests to the evidence and proof submitted in the instant case [Docs. 162-1, 162-2, 162-3] demonstrates that the amount of attorney's fees sought by Billy is reasonable. The rates charged by the respective attorneys and staff members are adequately documented and represent reasonable rates for the time and skill of the attorneys

involved. This Court, in its previous Orders, discussed thoroughly how Plaintiffs have painstakingly and unnecessarily extended this litigation. This matter finally has reached a full stop.

## V.    CONCLUSION

Billy has provided sufficient evidence of his right to attorney's fees by prevailing against Plaintiffs on all claims, as well as the fees incurred by Billy during this litigation proceedings initiated by the Plaintiffs. Plaintiffs' Motion for Reconsideration and to Vacate Order Granting Attorney Fees **[Doc. 168]** is **DENIED**.

This Court hereby awards Defendant Billy Merchant an award of attorneys' fees and costs in the amount of $165,635.00 for expenses incurred in district and appellate courts. This Court further approves payment of the additional $6,483.75 for additional time expended in this case after this Court's previous Order awarding fees [Doc. 158].

**SO ORDERED AND ADJUDGED**, this, the 11th day of March, 2025.

/s/HENRY T. WINGATE
**UNITED STATES DISTRICT COURT JUDGE**